IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| QUENTIN FRANKLIN, | ) | Case No. 5:17-cv-2002 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| DAVE MARQUIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.    Introduction

Petitioner Quentin Franklin, a former Ohio prisoner currently under post-release control

after serving a three-year prison term for gross sexual imposition, seeks a writ of habeas corpus

under 28 U.S.C. § 2254.[1]  Franklin claims that his convictions and sentences in *State v. Franklin*,

Wayne Cty. Ct. Comm. Pl. Case No. 2014 CRC-I-000031, violated his constitutional rights.

ECF Doc. 1.  Respondent, Warden Dave Marquis,[2] filed a return of writ on January 16, 2018.

ECF Doc. 9.  Franklin filed a traverse on February 15, 2018.  ECF Doc. 10.  Respondent then

filed a reply to Franklin's traverse on February 22, 2018.  ECF Doc. 11.  This matter is before

me by an automatic order of reference under Local Rule 72.2 for preparation of a report and

---

[1] Although Franklin is no longer incarcerated, the court retains jurisdiction to review his petition because he was a prisoner when he filed it and because he remains under supervision (a form of custody).  *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000).

[2] Dave Marquis is warden of Richland Correctional Institution, where Franklin was housed when he filed his petition.  ECF Doc. 9 at 10.  Warden Marquis argues that he is no longer the proper respondent given Franklin's release from custody; and he asserts the Ohio Adult Parole Authority should be ordered to be substituted as the respondent.  ECF Doc. 9 at 10-11.

recommendation on Franklin's petition.[3]  Because all of Franklin's claims are procedurally defaulted, incognizable, or meritless, I recommend that the Court deny Franklin's petition.

## II.     State Court History

### A.      State Trial Court Proceedings, Case No. 2014 CRC-I-000031

On January 28, 2014, a Wayne County, Ohio grand jury indicted Franklin on: two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b) ("Counts 1 and 2"); two counts of second-degree sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5) ("Counts 3 and 4"); two counts of third-degree sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5) ("Counts 5 and 6"); two counts of unlawful sexual conduct with a minor in violation of Ohio Rev. Code § 2907.04(A) ("Counts 7 and 8"); two counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4) ("Counts 9 and 10"); and two counts of sexual imposition in violation of Ohio Rev. Code § 2907.06(A)(4) ("Counts 11 and 12").  ECF Doc. 9-1 at 4-8. Specifically, the indictment alleged that: (1) on multiple occasions between May 1, 2011, and June 21, 2013, Franklin had sexual contact with E.B., a minor born on September 24, 2000 (Counts 1-4 and 9-10); and (2) on multiple occasions between December 1, 2012, and June 21, 2013, Franklin had sexual contact with J.B., a minor born on November 22, 1998, and of whom Franklin was a stepparent or person acting in loco parentis (Counts 5-8 and 11-12).  *See* ECF Doc. 9-1 at 4-8.  On March 6, 2014, the prosecution moved to amend the indictment to include that each offense occurred in Wayne County, Ohio.  ECF Doc. 9-1 at 9.

On February 3, 2014, Franklin appeared for arraignment without counsel, pleaded not guilty, and indicated that he intended to secure his own counsel.  ECF Doc. 9-1 at 10.  On February 19, 2014, through counsel, Franklin filed a waiver of arraignment and entered a written

---

[3] Chief Judge Patricia A. Gaughan also issued a differentiated case management initial order for administrative track cases reflecting the automatic order of reference.  ECF Doc. 3.

plea of not guilty.  ECF Doc. 9-1 at 11.  On September 24, 2014, Franklin waived his right to a jury trial.  ECF Doc. 9-1 at 12.

Franklin's bench trial began on October 2, 2014.  ECF Doc. 9-1 at 14.  At the conclusion of the prosecution's case in chief, Franklin moved for, and was granted, a directed verdict on each of the counts of unlawful sexual conduct with a minor and sexual imposition because the state had not presented evidence showing that Franklin was eighteen years of age or older.  ECF Doc. 9-1 at 15; ECF Doc. 9-2 at 269-70.  On October 14, 2014, the trial judge found Franklin guilty of two counts of gross sexual imposition for sexual contact with E.B., a minor who was less than thirteen years old when the sexual contact occurred.  ECF Doc. 9-1 at 7, 15.  The trial judge found Franklin not guilty on the counts of rape, second-degree sexual battery, and third-degree sexual battery.  ECF Doc. 9-1 at 15.  On December 1, 2014, the trial court entered judgment and sentenced Franklin to serve two concurrent three-year terms in prison followed by five years of mandatory post-release control.  ECF Doc. 9-1 at 17.

### B.    Direct Appeal, Case No. 14AP0055

On December 22, 2014, Franklin, through new appellate counsel, appealed to the Ohio Court of Appeals.  ECF Doc. 9-1 at 19.    Franklin raised the following assignments of error:

1. The evidence was insufficient to sustain a finding of guilt because the state failed to present evidence to establish beyond a reasonable doubt the elements necessary to support the convictions.

2. The verdict was against the manifest weight of the evidence.

3. The trial court [committed] plain error when it failed to exclude the hearsay testimony of [E.B.'s mother] despite the failure of trial counsel to object.

4. The appellant was denied his constitutional right of due process based upon ineffective assistance of counsel.

ECF Doc. 9-1 at 25.  Under his first and second assignments of error, Franklin asserted that there was either a lack of evidence or conflicting evidence regarding whether he acted with the

purpose of sexually arousing or gratifying himself or his victim.  ECF Doc. 9-1 at 26.  Under his third and fourth assignments of error, Franklin asserted that the trial court should not have admitted hearsay testimony by E.B.'s mother concerning E.B.'s out of court statements and that trial counsel was ineffective for not objecting to its admission.  ECF Doc. 9-1 at 25-26, 48.  Also under his fourth assignment of error, Franklin asserted that counsel should have objected to the introduction of recorded statements by a sheriff's deputy from Franklin's pre-trial interrogation because the deputy's statements included hearsay statements and an inadmissible assessment of Franklin's guilt and credibility.  ECF Doc. 9-1 at 48-49.

On January 11, 2016, the Ohio Court of Appeals affirmed Franklin's conviction.  ECF Doc. 9-1 at 79-89.  The court of appeals overruled Franklin's first two assignments of error because purpose to create sexual gratification could be inferred from testimony describing Franklin's conduct – putting his fingers in and mouth on E.B.'s vagina on multiple occasions. ECF Doc. 9-1 at 81-82 (¶¶ 13-14, 19).  The court of appeals also overruled Franklin's third and fourth assignments of error, finding that, even if the court improperly admitted E.B.'s mother's hearsay testimony, its admission was harmless error because it was cumulative to E.B.'s own testimony.  ECF Doc. 9-1 at 85-87 (¶¶ 23-25, 29-30).  The court of appeals also found that trial counsel's handling of the recorded interrogation was not deficient because counsel had requested that the trial judge not consider the iterrogating deputy's statements and the trial court agreed. ECF Doc. 9-1 at 87 (¶ 30).  Thus, the court of appeals affirmed Franklin's conviction and sentences.  ECF Doc. 9-1 at 88.

### C.    Appeal to the Ohio Supreme Court, Case No. 2016-0284

On February 22, 2016, Franklin appealed *pro se* to the Ohio Supreme Court.  ECF Doc. 9-1 at 90-91.  In his memorandum in support of jurisdiction, Franklin raised the following propositions of law:

I. The evidence was insufficient to sustain a finding of guilt because the state failed to present evidence to establish beyond a reasonable doubt the elements necessary to support the conviction.

II. The verdict was against the manifest weight of the evidence.

III. The court committed plain error when it failed to exclude the hearsay testimony of [E.B.'s mother] despite the failure of trial counsel to object.

IV. The appellant was denied his constitutional right of due process based upon ineffective assistance of counsel.

ECF Doc. 9-1 at 93.  The state filed a waiver of memorandum, and Franklin moved for "leave of court to supplement/amend the memorandum in support of jurisdiction" and to "transmit the electronic version of the verdict for review."  ECF Doc. 9-1 at 117, 118-22.  On May 4, 2016, the Ohio Supreme Court declined jurisdiction and denied Franklin's motions as moot on May 12, 2016.  ECF Doc. 9-1 at 123-24.  Franklin renewed his "motion for leave of court to supplement/amend the memorandum in support of jurisdiction," and the Ohio Supreme Court again denied his motion as moot.  ECF Doc. 9-1 at 125-28.

**D.      App. R. 26(B) Application to Reopen Direct Appeal**

On March 28, 2016, Franklin filed a *pro se* App. R. 26(B) application to reopen his direct appeal.  ECF Doc. 9-1 at 129-41.  In his application, Franklin argued that appellate counsel was constitutionally ineffective for the following reasons:

1. The appellate counsel failed to properly argue error 3, she provided no authority or citations to the record, indicating which of the alleged hearsay statements affected the outcome of the trial.

2. The appellate counsel provided no authority supporting her position, nor has she demonstrated prejudice during her failure to properly argue error 4, that the trial counsel performance was deficient, in his failure to object to hearsay and his failure to suppress his client's recorded interrogation.

3. The appellate counsel failed to argue, that the appellant was denied due process, when he was adjudicated delinquent of gross sexual imposition, despite the error of the state's timeline in the indictment/record compared to

5

the timeline provided by [E.B.'s mother].

4. The appellate counsel failed to argue that the appellant was denied due process, when he was adjudicated delinquent of gross sexual imposition, despite the failure of the state to establish HOW, WHEN, WHERE, and WHAT precisely the contact was for the finding of guilt pursuant to the two counts.

ECF Doc. 9-1 at 129-40.  Franklin also filed several motions: (1) a "motion [for] leave of court to supplement/amend App. R. 26(B)"; (2) a "motion to transmit the electronic version of the verdict for review"; (3) a second "motion for leave of court to supplement/amend App. R. 26(B)"; and (4) a "motion to proceed to judgment."  ECF Doc. 9-1 at 142, 147-48, 151-52.

On August 11, 2016, the court of appeals denied Franklin's application because the mandatory sworn statement supporting his claim that appellate counsel's representation was deficient did not comply with App. R. 26(B)(2)(d).  ECF Doc. 9-1 at 153.  The court also denied Franklin's motions to supplement his application and denied his other motions as moot.  ECF Doc. 9-1 at 153.

### E.    Second Appeal to the Ohio Supreme Court, Case No. 2016-1351

On September 12, 2016, Franklin appealed *pro se* to the Ohio Supreme Court.  ECF Doc. 9-1 at 155-56.  In his memorandum in support of jurisdiction, Franklin raised the following propositions of law:

I. The appellant was denied his [*Fifth*] and [*Fourteenth*] *Amendment* rights, when he was adjudicated delinquent of gross sexual imposition, despite the failure of the fact finder to establish how, when, where, or what the sexual contact was; for the finding of guilt to the two counts.

II. The appellant was denied his [*Fifth*] and [*Fourteenth*] *Amendment* rights, when he was adjudicated [delinquent] of gross sexual imposition, despite the obvious difference in the state's timeline in the indictment to the timeline in the sheriff's report; in contrast to the timeline provided by [E.B.'s mother]'s statements.  In the indictment counts 9 and 10 charged that appellant had sexual contact with E.B. on or about May 1, 2011 to June 21, 2013.  A two year period.  The state relied on [E.B.'s mother]'s statements to establish a timeline of E.B.'s disclosures.

III.    The trial court committed plain error when it failed to exclude the hearsay testimony of [E.B.'s mother] despite the failure of the trial court to object.

IV.    The appellant was denied his constitutional right of due process based upon ineffective assistance of counsel.

V.    The denial of the appellants App.R.26(B), was not in the interest of justice, it prevented evident claims of deficiency by his appellate counsel and substantial arguments that his appellate counsel [failed] to raise; from being heard on the merits.

ECF Doc. 9-1 at 168, 170-71, 173.  On November 23, 2016, the Ohio Supreme Court declined jurisdiction over Franklin's appeal.  ECF Doc. 9-1 at 188.

### F.    Post-Conviction Proceedings

On February 29, 2016, shortly after his direct appeal, but before his first appeal to the Ohio Supreme Court, Franklin filed a "petition to vacate or set aside judgment of conviction or sentence." ECF Doc. 9-1 at 189-95.  In his petition, Franklin raised the following claims:

1.    The petitioner were deprived of his *Fourteenth Amendment* right to due process and equal protection of the law, when the conviction along with the sentence imposed on the petitioner was part of a consistent pattern of disparity by the trier of fact in regards to the petitioner's race, gender, age, ethnic background as well as the type of case [p]ursuant to Revised Code 2953.21(A)(2)(5).

2.    The petitioner was deprived of his *Fourteenth Amendment* right to due process and equal protection of the law, when the absence of a complete transcript makes it impossible for a reviewing court to determine whether the lower court committed reversible error.

3.    The willful neglect of duty and gross misconduct by the head prosecutor Michelle Fink, deprived the petitioner of his due process and equal protection of the law, when she took a personal interest in the petitioner's case due to her relationship with [E.B.'s mother].

4.    The petitioner were deprived of his *Fifth* and *Sixth Amendment* rights that no person shall be compelled in any criminal case to be a witness against himself as well as his trial counsel failure to object to hearsay statements and his failure to suppress the petitioner's recorded interrogation.

7

ECF Doc. 9-1 at 190-94. Franklin also filed an affidavit in support of his claims and a "motion for appointment of counsel." ECF Doc. 9-1 at 196-97. On March 28, 2016, the state trial court denied Franklin's petition. ECF Doc. 9-1 at 228. Franklin did not appeal.

### III. Federal Habeas Corpus

Franklin, *pro se*, filed his petition for writ of habeas corpus on September 22, 2017, approximately two months before he was released to Ohio Adult Parole Authority supervision[4]. ECF Doc. 1. Franklin's petition raises nine grounds for relief:

> **GROUND ONE:** With willful purpose, the trial court, abused its discretion to convict the petitioner of something that were not definitely known, understood, or identified in its review-conclusion of all the evidence, prejudicially depriving the petitioner of due process as well as the equal protection of the law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

> **GROUND TWO:** The prosecution fail to produce enough evidence for the trial court to render or sustain a finding of guilt for gross sexual imposition, because the elements required to support the conviction were not established, depriving the petitioner of due process as well as the equal protection of the law, in violation of the Fifth and Fourteenth Amendments, to the United States Constitution.

> **GROUND THREE:** The verdict of guilt was against the manifest weight of the evidence, because the trial court fail to determine – establish When, Where, How, or What happened in its review of all the evidence, depriving the petitioner of due process as well as the equal protection of the law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

> **GROUND FOUR:** The trial court, in its review of all the evidence, could not determine, establish, nor inform the petitioner of " What Act " or " Acts " it took as true in its determination of guilt, depriving him of due process as well as the equal protection of the law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

> **GROUND FIVE:** The petitioner were deprived of his Fifth and Fourteenth Amendments to the United States Constitution, because the prosecutions misconduct had a injurious affect [sic] on the decision of the grand jury to indict as well as the decision of the trial court to convict.

---

[4] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A662691 (last visited October 29, 2019).

**GROUND SIX:**  The petitioner's appellate counsel's deficient representation affected the outcome of his direct appeal, depriving him of due process, the equal protection of the law as well as effective counsel, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**GROUND SEVEN:**  The trial court, prejudicially denied the petitioner due process as well as the equal protection of the law, when it was conscious of the fact that the timeline provided by [E.B.'s mother]'s statements were in conflict with the timeline in the indictment and the timeline in the deputy's report.

**GROUND EIGHT:** The trial court, committed plain error when it failed to exclude the hearsay testimony of [E.B.'s mother] despite the failure of the trial counsel to object, depriving the petitioner of his Fifth, Sixth, and Fourteenth Amendments, to the United States Constitution.

**GROUND NINE:**  The petitioner's trial counsels deficient representation deprived the petitioner of his Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

ECF Doc. 1 at 5-18[5].

## IV.    Applicable Habeas Corpus Legal Principles

### A.    AEDPA Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs habeas corpus petitions filed after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009).  AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh*, 521 U.S. at 333 n.7, and "demands that state-court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  When the claims presented in a habeas corpus petition have been presented to and decided on the merits by the state courts, a federal court may not grant relief unless the petitioner proves that the state court decision:

---

[5] Franklin's petition also recites lengthy statements of "Supporting Facts" for each of his nine claims for relief. In the interest of conserving space, those statements are not restated here; however, I have analyzed each of the claims and refer liberally to the supporting facts throughout this Report.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Habeas review is limited to the record that was before the state court when it adjudicated the claim on the merits.  *Cullen v. Pinholster*, 563 U.S. 170, 185 & n.7 (2011) (holding that "evidence introduced in federal court has no bearing on § 2254(d)(1) review").

A decision is unreasonable only if it "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any reasonable possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  The reviewing court may not "treat[] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington*, 562 U.S. at 102; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.").  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of that decision."  *Harrington*, 526 U.S. at 88 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  This standard is intentionally "difficult to meet," because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Harrington*, 526 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 322 n.5 (1979)).

"Clearly established federal law" for purposes of § 2254(d)(1) "is the governing legal principle or principles set forth by the United States Supreme Court at the time the state court

renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003); *see also White v. Woodall*, 572 U.S. 415, 420 (2014) (holding that clearly established federal law includes "only the holdings," and not the dicta, of Supreme Court decisions).  Thus, to show that a decision was contrary to clearly established federal law, a habeas petitioner must show that the state court: (1) "arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law"; or (2) "decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  The state court decision need only reach a result and apply reasoning consistent with Supreme Court precedent, and need not refer to, or even demonstrate awareness of, relevant Supreme Court cases.  *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

To show that a state court decision is an "unreasonable determination of the facts" under § 2254(d)(2), a petitioner has the burden of presenting clear and convincing evidence that the state court made a clear factual error.  *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003); *Burt v. Titlow*, 571 U.S. 12, 18 (2013).  This is because AEDPA affords state court factual determinations a "presumption of correctness."  28 U.S.C. § 2254(e)(1).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Wood v. Allen*, 558 U.S. 290, 301 (2010).

**B.    Exhaustion and Procedural Default**

"Before [a federal court may] reach the merits of a habeas petition, . . . [it must] review whether the petitioner has satisfied the [two] procedural requirements for litigating his federal claim in state court."  *Gerth v. Warden, Allen Oakwood Corr. Inst.*, No. 17-4091, 2019 U.S. App. LEXIS 27788 *9 (6th Cir., Sept. 16, 2019) (citing *Bickham v. Winn*, 888 F.3d 248, 250-51 (6th Cir. 2018), and *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000)).  "First, the petitioner must [have] exhaust[ed] all available opportunities to pursue his claim in state court before he

may litigate that claim in federal court." *Id.* at \*10 (noting that this requirement, rooted in the principles of comity and federalism, seeks to "avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation" (internal quotations and alterations omitted); 28 U.S.C. § 2254(b)(1)(A). The petitioner must have given the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Nevertheless, petitioners are only required to have pursued *available* remedies and are not required to pursue *clearly futile* state remedies. *See Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("[S]tate-court remedies are . . . 'exhausted' when they are no longer available, regardless of the reason for their unavailability.").

"Second, and relatedly, the procedural default doctrine bars [federal habeas] review if the petitioner has not followed the state's procedural requirements for presenting his claim in state court." *Gerth*, 2019 U.S. App. LEXIS 27788 at \*10. Federal habeas review is barred when the petitioner failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly present the claim before the state courts while state remedies were still available. *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28 (1982); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). To determine whether an Ohio procedural rule bars habeas review, courts in the Sixth Circuit apply a four-part test: (1) did the petitioner fail to comply with an Ohio procedural rule?; (2) do Ohio courts regularly enforce that rule?; (3) is the rule an adequate and independent state ground for denying review of a constitutional claim?; and (4) can the petitioner show cause and prejudice excusing the default? *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *Williams v. Coyle*,

12

260 F.3d 684, 693; *see also Gerth*, 2019 U.S. App. LEXIS 27788 at *17-19 (holding that Ohio's *res judicata* doctrine is an adequate and independent state procedural ground that Ohio courts regularly apply).

When the respondent asserts that the petitioner failed to "fairly present" his claim in state court, the court looks to: (1) whether the petitioner failed to assert both the legal and factual basis for his claim through the state's ordinary review process; and (2) whether state law no longer allows the petitioner to raise his claim at the time he filed his federal habeas petition. *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848, and *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).  Most importantly, the "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id.* (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)).  "Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition." *Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) (citing *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001), *Scott v. Mitchell*, 209 F.3d 854, 865-68 (6th Cir. 2000), and *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985)).

Procedural default may be excused on two bases.  First, the petitioner's procedural default may be excused if he shows cause and prejudice, *i.e.* that: (1) something external to the defense, which cannot be fairly attributed to him, prevented him from complying with the state procedural rule; and (2) actual prejudice resulted from the alleged constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  In assessing prejudice, the court assumes that the petitioner has stated a meritorious constitutional claim and proceeds to discern whether a different verdict would have resulted absent the assumed constitutional error. *Moore v. Carlton*, 74 F.3d 689, 691-92 (6th Cir. 1996); *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003); *see also United States v. Frady*, 456 U.S. 152, 170-72 (1982).  Second, a procedural default may be

13

excused if denying review of the petitioner's claims would result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.  "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'"  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).  Actual innocence means "factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998), and must be supported with "new reliable evidence . . . that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

     **C.**     **Cognizability**

A claim that alleges only violations of state law is not cognizable in a federal habeas case, and it must be dismissed on that basis unless the state court's state-law ruling violates a fundamental federal constitutional right.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Further, a petitioner may not convert a claim asserting state law error into a constitutional claim, merely by alleging that the failure to follow a state rule violated his due process rights.  *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("The Due Process Clause . . . safeguards not the meticulous observance of state procedural prescriptions, but "the fundamental elements of fairness in a criminal trial."); *see also Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (citation omitted). Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67-68); *see also Allen v. Morris*, 845

14

F.2d 610, 614 (6th Cir. 1988) (stating that a federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure).

Nevertheless, state court rulings on issues of state law may rise to the level of due process violations if they "'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).  Such rulings must be "so egregious that [they] result in a denial of fundamental fairness." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  Fundamental fairness under the Due Process Clause is compromised when "the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' . . . and which define 'the community's sense of fair play and decency.'" *Dowling v. United States*, 493 U.S. 342, 352 (1990) (internal citations omitted).  Thus, courts "have defined the category of infractions that violate 'fundamental fairness' very narrowly." *Id.*

## V.     The Facts

Analysis of Franklin's petition begins with the facts recited in the Ohio Court of Appeals opinion on direct appeal.  These factual findings are presumed correct unless Franklin rebuts them with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Wiggins*, 539 U.S. at 528-29; *Burt*, 571 U.S. at 18.  The Ohio Court of Appeals found the following facts:

> {¶ 2} The victim, E.B., was born on September 24, 2000, and is the second of three daughters to Mother and her first husband, Travis.  The couple divorced in May 2006.  Shortly thereafter, Mother began dating the defendant, Mr. Franklin.  Mr. Franklin moved into the family home within a few months and the couple ultimately married in 2010.

> {¶ 3} According to E.B., Mr. Franklin began molesting her in 2011.  The molesting started with Mr. Franklin touching her buttocks on the outside of her clothes, but escalated to touching her beneath her clothes, including inserting his fingers into her vagina, putting his mouth on her vagina, and touching her buttocks and breasts.

{¶ 4} Mother testified that she first became aware of these incidents in June 2011 when J.B., her eldest daughter, found E.B.'s journal, which alluded to the sexual abuse.  E.B. testified that she did not disclose the incidents to Mother because she feared it would break up her family.  E.B. also testified that Mr. Franklin told her he would take away her phone if she told anyone, that her whole family would go to jail, and that she would be placed in foster care.

{¶ 5} After Mother confronted Mr. Franklin about the alleged touching, Mr. Franklin left the family home for the night and stayed with his sister.  According to Mother and E.B., when Mr. Franklin returned, he apologized for his actions and promised he would not do it again.

{¶ 6} Almost one year passed before Mother became aware of any further incidents.  At that time, E.B. told Mother that Mr. Franklin was touching her again and J.B., for the first time, told Mother that he had touched her buttocks.  Mother confronted Mr. Franklin, who again left the family home and stayed with his mother for about a week.  Mr. Franklin returned for a second time and remained in the family home until March 2013.

{¶ 7} In March 2013, E.B. told Mother that Mr. Franklin was still touching her.  After yet another confrontation, Mr. Franklin left the family home for the third and final time.  As a result of these incidents, Mother and Mr. Franklin divorced in December 2013.

{¶ 8} A grand jury indicted Mr. Franklin on twelve counts of criminal conduct based upon the allegations of sexual abuse made by his former step-daughters, E.B. and J.B.  Mr. Franklin waived his right to a jury trial and the case proceeded to a bench trial.

{¶ 9} After the State's case-in-chief, the defense made – and was granted – a Criminal Rule 29 motion as to four counts, which included counts for unlawful sexual contact with a minor and sexual imposition.  At the conclusion of the bench trial, the trial court found Mr. Franklin guilty of two counts of gross sexual imposition based upon the allegations of E.B.  The trial court found Mr. Franklin not guilty of the remaining counts and sentenced him to two 36-month sentences to run concurrently.

* * *

{¶14} . . . E.B. testified that Mr. Franklin touched her numerous times over a two-year period.  She testified that Mr. Franklin touched her breasts and buttocks, inserted his fingers into her vagina, and put his mouth on her vagina.  E.B. further testified that he touched her mostly at nighttime when no one was around.  . . . Viewing this evidence in a light most favorable to the prosecution, the trial court could have reasonably inferred that Mr. Franklin touched E.B. for the purpose of sexually arousing or gratifying either himself or E.B.

16

* * *

{¶18} E.B.'s testimony . . . was corroborated, in part, by the testimony of Mother and her sister, J.B.  Additionally, Mr. Franklin's own testimony corroborated E.B.'s testimony with respect to the relevant time frame as well as the confrontations he had with Mother regarding the abuse and related departures from the family home.

* * *

{¶24} E.B. testified that Mr. Franklin inappropriately touched her numerous times over a two-year period of time.  She further testified that Mr. Franklin left the family home three times as a result of these incidents.  Mother similarly testified that Mr. Franklin left the family home three times and recounted what E.B. told her about the sexual abuse.  . . . Mother's testimony was cumulative of E.B.'s in-court testimony . . .

ECF Doc. 9-1 at 79-85.

## VI.    Analysis

### A.    Grounds One, Two, and Four

In his Ground One, Two, and Four claims, Franklin seeks habeas relief based on claims that the state presented insufficient evidence to support his convictions, in violation of his rights under the Due Process Clause of the *Fourteenth Amendment*.  ECF Doc. 1 at 4, 8-9; ECF Doc. 10 at 7-11.  In Grounds One and Four, Franklin does not identify particular elements that he alleges the prosecution failed to prove.  ECF Doc. 1 at 4, 8-9; ECF Doc. 10 at 7-8, 10-11.  Instead, Franklin argues that the trial court's failure to "identify" or "inform" him of the acts he is guilty of when the trial court delivered its verdict is evidence of insufficient evidence for his conviction as a whole.  ECF Doc. 1 at 4, 8-9; ECF Doc. 10 at 7-8, 10-11.  Franklin's Ground Two claim alleges that the prosecution "fail[ed] to produce enough evidence" to prove he had touched E.B. with requisite *mens rea* – the purpose of sexual arousal or gratification for either person – for his gross sexual imposition conviction.  ECF Doc. 1 at 5-6; ECF Doc. 10 at 8-9.  He argues that the

prosecution offered no direct evidence of intent, and the evidence that it did offer was insufficient to support an inference of intent. ECF Doc. 1 at 5-6; ECF Doc. 10 at 8-9.

### 1. Procedural Default

Franklin's Ground One, Two, and Four claims are not procedurally defaulted.  Franklin gave the state courts a full and fair opportunity to resolve his Ground Two claim – challenging whether the state presented sufficient evidence for a jury to find that he touched E.B. for *the purpose of sexual arousal or gratification for either person* – when he presented that claim on direct appeal to the Ohio Court of Appeals and to the Ohio Supreme Court.  *O'Sullivan*, 526 U.S. at 848; *Williams*, 460 F.3d at 806; *McMeans*, 228 F.3d at 681; *Baston*, 282 F. Supp. 2d at 661; ECF Doc. 9-1 at 25, 93.  On first glance one might believe that Franklin never presented the more generalized sufficiency-of-the-evidence claims in Grounds One and Four to the Ohio Court of Appeals and Ohio Supreme Court.  *See generally* ECF Doc. 9-1 at 25, 93, 129, 168-73, 190-94.  Nevertheless, Franklin raised a manifest-weight claim on direct appeal to the Ohio Court of Appeals and Ohio Supreme Court, which he based on the same general factual premise as his Grounds One and Four claims – the court's allegedly contradictory and less-than-detailed findings in delivering its verdict.  *Compare* ECF Doc. 9-1 at 25, 45-46, 93, 102, *with* ECF Doc. 1 at 4-5, 8-9.  Because a finding that the manifest weight of evidence supported a conviction presupposes a conclusion that sufficient evidence also supported the conviction, Franklin's manifest weight claims are sufficient for him to avoid procedural default on Grounds One and Four.  *See Nash v. Eberlin*, 256 F. App'x 761, 765 (6th Cir. 2007).  Accordingly, Franklin's Grounds One, Two, and Four claims are not procedurally defaulted.

### 2. Merits

Although Franklin's Grounds One, Two, and Four claims are not procedurally defaulted, they fail on the merits.  "The Fourteenth Amendment's Due Process Clause 'protects the accused

against conviction except upon proof beyond a reasonable doubt." *Thomas v. Stephenson*, 898 F.3d 693, 702 (6th Cir. 2018) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)).  When a criminal defendant alleges that the evidence adduced at trial was insufficient to support his conviction, the court must determine whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  On habeas review, this inquiry is further filtered through 28 U.S.C. § 2254(d)'s deferential standard. *Davis v. Lafler*, 658 F.3d 525, 531-35 (6th Cir. 2011) (*en banc*) (explaining that a state court's decision in a federal habeas sufficiency-of-the-evidence challenge receives "double deference" – first, to the jury's verdict, and second, to the state courts' consideration of the verdict); *see also* 28 U.S.C. § 2254(d); *Harrington*, 526 U.S. at 88, 98-99, 102-03; *Schriro*, 550 U.S. at 473. Thus, a federal habeas court reviewing a sufficiency-of-the-evidence claim must determine whether the state appellate court reasonably concluded that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  The sufficiency of the evidence determination is based on all of the evidence, even evidence erroneously admitted.  *McDaniel v. Brown*, 558 U.S. 120, 131 (2010).

Ohio's gross sexual imposition statute provides that "[n]o person shall have sexual contact with another, not the spouse of the offender . . . when . . . [t]he other person . . . is less than thirteen years of age, whether or not the offender knows the age of that person."  Ohio Rev. Code § 2907.05(A)(4).  The definition of "sexual contact" under the Ohio Rev. Code § 2907.01(B) – "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is female, a breast, for the purpose of sexually arousing or gratifying either person" – creates a *mens rea* element.  *See State v. Dunlap*, 953 N.E.2d 816, 819 (Ohio 2011).

Franklin has not shown that the Ohio Court of Appeals did not reasonably conclude that the record find that the trial evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the state proved all the essential elements of gross sexual imposition in relation to Franklin's touching of E.B.  *Harrington*, 562 U.S. at 98-99; *Jackson*, 443 U.S. at 319; *Schriro*, 550 U.S. at 473; *Davis*, 658 F.3d at 531-35; 28 U.S.C. § 2254(d).  An independent review of the evidence in the record shows that E.B. testified at trial that: (1) after Franklin married her mother, he functioned as a stepdad with parental authority within the home; (2) Franklin started touching her when she was 10 years old; (3) Franklin began by touching her buttocks over the clothes, but eventually progressed to touching her buttocks and vagina under her clothes; (4) she wrote in her journal that Franklin was doing "bad things" to her; (5) her sister found her journal in late summer of 2011 and told their mother about it; (6) after confronting E.B. about the journal E.B.'s mother threw Franklin out of the house; (7) Franklin returned to the home the next day and promised he would not touch E.B. again; (8) Franklin started touching E.B. again after moving back in, inserted his fingers into her vagina, and used his mouth and tongue on her vagina; (9) E.B. kept quiet about it because she did not want to break up her family, but later told her mother when she was angry at Franklin; (10) Franklin again returned to the home and started touching E.B. about a month after his return; (11) when she was 12 years old, E.B. told Franklin that she wanted him to stop, but he only stopped for about three weeks before he resumed touching her again; (12) Franklin threatened E.B. that if she told anyone about him touching her, her whole family would go to jail; (13) in addition to touching her buttocks and vagina, Franklin also touched E.B.'s legs and breasts; and (14) Franklin generally touched her at night or when no one else was around, and he made her sleep on the bottom bunk of the bed to avoid waking others.  ECF Doc. 9-2 at 25, 29-34, 36-56, 64, 71, 76-77, 84-85.  Other witnesses and evidence, including testimony from E.B.'s mother and a sexual assault nurse,

indicated that E.B.'s testimony describing Franklin's alleged conduct was consistent with her earlier accounts of the abuse.  *See*, *e.g.*, ECF Doc. 9-2 at 144-45, 155, 227, 231-32.  Further, testimony from E.B., J.B., E.B.'s mother, Franklin's brother, and Franklin showed that at all relevant times during which Franklin was molesting E.B., he was married to E.B.'s mother; he served a fatherly role in the home; and E.B. was between the ages of 10 and 12 years old.  ECF Doc. 9-2 at 25-29, 77-78, 92-93, 116, 138-39, 143, 150-51, 156, 178-79, 181, 184, 273-74, 312, 315.  In light of this evidence, Franklin cannot show that the Ohio Court of Appeals unreasonably found that the prosecution presented sufficient evidence to support the trial court's finding that Franklin committed all of the necessary elements – including having the purpose to sexually gratify himself or E.B. – of gross sexual imposition against E.B.  *Jackson*, 443 U.S. at 319; *Davis*, 658 F.3d at 531-35; *Harrington*, 526 U.S. at 88, 98-99, 102-03; *Schriro*, 550 U.S. at 473; 28 U.S.C. § 2254(d); Ohio Rev. Code §§ 2907.01(B), 2907.05(A)(4); *Dunlap*, 953 N.E.2d at 819.

Franklin also has not shown that the Ohio Court of Appeals decision was contrary to, or an unreasonable application of, clearly established law.  28 U.S.C. § 2254(d)(1).  Franklin has not cited any decisions by the Supreme Court with materially indistinguishable facts holding that purpose to sexually gratify cannot be inferred from testimony that the accused touched, inserted his fingers into, and put his mouth and tongue on a minor victim's vagina.  *See generally* ECF Doc. 1; ECF Doc. 10.  And it is unlikely that such a case could be found, as federal courts have long held that circumstantial evidence may support a conviction and that such evidence need not remove every reasonable hypothesis except that of guilt.  *Clifford v. Chandler*, 333 F.3d 724, 728 (6th Cir. 2003), *overruled in part on other grounds by Wiggins v. Smith*, 539 U.S. 510 (2003); *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006); *McKenzie v. Smith*, 326 f.3d 721, 727 (6th Cir. 2003); *United States v. Tarwater*, 308 F.3d 494, 504 (6th Cir. 2002); *United States v.*

21

*Atkin*, 107 F.3d 1213, 1217-18 (6th Cir. 1997); *see also State v. Lott*, 555 N.E.2d 293, 302 (Ohio 1990) ("Circumstantial evidence may also be more certain, satisfying, and persuasive than direct evidence."); *State v. Grant*, 620 N.E.2d 50, 62 (Ohio 1993) ("[T]his court has rejected the concept that circumstantial evidence must be irreconcilable with any reasonable theory of innocence in order to support a conviction.").  Similarly, Franklin has not pointed to any decision by the U.S. Supreme Court indicating that a trial court is required to make piecemeal factual findings as to each element of the offense before finding that he was guilty, or that a trial court's failure to make such specific findings renders the guilty finding unsupported by sufficient evidence.[6]  *See generally* ECF Doc. 1; ECF Doc. 10.  Thus, Franklin has not met his burden to overcome the presumption that the Ohio Court of Appeals properly concluded that the state presented sufficient evidence to support the trial court's finding that Franklin was guilty of gross sexual imposition against E.B.  *Lindh*, 521 U.S. at 333 n.7; *Woodford*, 537 U.S. at 24; *Harrington*, 562 U.S. 88-90, 102-03; *Wiggins*, 539 U.S. at 528-29; *Burt*, 571 U.S. at 18; 28 U.S.C. § 2254(e)(1).

Because Franklin cannot show that the Ohio Court of Appeals unreasonably concluded that sufficient evidence supported his convictions for gross sexual imposition, I recommend that the court deny Franklin's Ground One, Two, and Four claims as meritless.

**B.     Ground Three**

Franklin's Ground Three claim alleges that his convictions were against the manifest weight of evidence, because the court's delivery of its verdict cast doubt on whether the state had proved the elements of the charges against him.  ECF Doc. 1 at 7; ECF Doc. 10 at 9-10.

---

[6] As discussed more thoroughly below, such piecemeal findings of fact would have actually *violated* the Ohio Criminal Rules, which require a court in a bench trial to make a "general finding."  *See* Section VII.D.2.i., *infra*.

22

Franklin's manifest-weight claim is not cognizable upon federal habeas review.  An argument that a guilty verdict was against the manifest weight of evidence is a state-law argument.  *See Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007); *Schwarzman v. Gray*, No. 17-3859, 2018 U.S. App. LEXIS 27193 *8 (6th Cir. 2018) (unpublished) ("A manifest-weight-of-the-evidence claim in Ohio is a state law claim that is similar to but ultimately different from a federal constitutional claim that the evidence was insufficient to support a conviction.").  Because Franklin's manifest-weight claim is a state-law claim, it is not cognizable on federal habeas review.  *Estelle*, 502 U.S. at 68; *Lewis*, 497 U.S. at 780.  Further, because Franklin raised sufficiency-of-the-evidence claims based on the same facts, there is no need for this court to liberally construe his manifest-weight claim as a sufficiency-of-the evidence claim.  *Cf. Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction.'  The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition 'to encompass any allegation stating federal relief.'" (citations omitted)); *Nash*, 258 F. App'x at 764-65 & n.4 (noting that a manifest weight argument can be construed as a sufficiency argument, because a manifest weight argument necessarily subsumes a sufficiency of the evidence argument).  Even if such a construction were applied, sufficient evidence supported Franklin's convictions, as discussed above.  *See* Section VI.A.2., *supra*.  Therefore, I recommend that Franklin's Ground Three claim be dismissed on the ground that it is noncognizable.

### C.    Ground Five

Franklin's Ground Five alleges that his conviction was the result of prosecutorial misconduct, in violation of his *Fourteenth Amendment* rights.  ECF Doc. 1 at 9-10; ECF Doc. 10 at 11.  Specifically, Franklin asserts that he was prejudiced when the prosecutor elicited an investigating deputy's grand jury testimony, even though she knew that the deputy had made

23

biased statements regarding his credibility and guilt at the end of Franklin's recorded statement.

ECF Doc. 1 at 10; ECF Doc. 10 at 11.[7]

### 1.    Procedural Default

Franklin's Ground Five claim is procedurally defaulted.  Franklin raised his

prosecutorial-misconduct argument for the first time in his state post-conviction petition.  ECF

Doc. 9-1 at 193-94.  Nevertheless, Franklin failed to "fairly present" this claim at each level of

the state courts' ordinary review process because he did not appeal the denial of his

post-conviction petition to the Ohio Court of Appeals his time to file an appeal expired in April

2017.  *O'Sullivan*, 526 U.S. at 848; *Williams*, 460 F.3d at 806; *McMeans*, 228 F.3d at 681;

*Baston*, 282 F. Supp. 2d at 661.  Further, Franklin has not provided any argument in his petition

or traverse that an external factor caused him not to appeal the adverse post-conviction ruling or

that a fundamental miscarriage of justice would occur if the court did not consider his

prosecutorial-misconduct claim.  *See generally* ECF Doc. 1; ECF Doc. 10.  Even if Franklin

argued that he had good cause for failing to raise his prosecutorial-misconduct claim on appeal,

his decision to represent himself in his post-conviction proceedings would likely preclude him

from pointing to some external factor that prevented him from raising his claim in state court.

*Coleman*, 501 U.S. at 750.  Moreover, Franklin has not produced any new, reliable evidence not

presented at trial demonstrating that he his factually innocent and that a fundamental miscarriage

---

[7] Franklin also notes that the same prosecutor was friends with E.B.'s mother, kept in contact with E.B.'s mother through Facebook, and was removed from the case after the grand jury indicted him.  ECF Doc. 1 at 10.  He does not clearly tie this information into his prosecutorial-misconduct claim or explain how it is relevant to his habeas petition.  *See generally* ECF Doc. 1 at 10.  Nevertheless, even if the court were to construe Franklin's petition to raise a selective or vindictive prosecution claim based on this information, that claim would fail because Franklin has not argued or presented any evidence showing that the prosecutor targeted him based on a protected characteristic or to deter him from exercising a protected right.  *See Wiley v. Oberlin Police Dep't*, 330 F. App'x 524, 529 (6th Cir. 2009) (selective prosecution standard); *Loyer v. City of Norwalk*, No. 3:07-cv-2747, 2008 U.S. Dist. LEXIS 53761 *7-8 (N.D. Ohio July 8, 2008) (citing *Futernick v. Sumpter Twp.*, 78 F.3d 1051, 1056 n.7 (6th Cir. 1996)) (vindictive prosecution standard).

of justice would occur if this court did not entertain his prosecutorial-misconduct claim.

*Lundgren*, 440 F.3d at 764; *Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 324; *see generally* ECF Doc. 1; ECF Doc. 10.  Therefore, Franklin cannot overcome his procedural default on his prosecutorial-misconduct claim.

I recommend Ground Five of Franklin's petition be dismissed as procedurally defaulted. Accordingly, this Court need not reach the merits of Franklin's Ground Five claim.

## 2.    Cognizability

Franklin's Ground Five claim – alleging that prosecutorial misconduct tainted his grand jury proceedings – also fails because it is not cognizable.  "The right to indictment by grand jury in the Fifth Amendment to the United States Constitution is one of the few remaining provisions of the Bill of Rights that has not been declared applicable to the States."  *Waller v. Tibbals*, No. 3:15-cv-310, 2016 U.S. Dist. LEXIS 93919 *35 (S.D. Ohio 2016) (citing *Hurtado v. California*, 110 U.S. 516 (1984); *Branzburg v. Hayes*, 408 U.S. 665, 687-88 n.25 (1972); and *Gerstein v. Pugh*, 420 U.S. 103 (1975)).  "Although the State of Ohio may require indictment by a grand jury pursuant to its own constitution, any violation of such right [or error relating to that right] is a matter of state law."  *Lane v. Coleman*, No. 3:11-cv-1178, 2014 U.S. Dist. LEXIS 27495 *48 n.11 (N.D. Ohio 2014).  Because the grand jury proceedings only occurred under Ohio law, Franklin's claim that they were tainted by prosecutorial misconduct is not cognizable on federal habeas review.  *Estelle*, 502 U.S. at 68; *Lewis*, 497 U.S. at 780.  Indeed, as far as the U.S. Constitution is concerned, Franklin's case could have proceeded to trial without any grand jury indictment at all.

### 3.    Merits

Even if this court were to look past Franklin's procedural default and determine that his Ground Five claim was cognizable, Franklin's Ground Five claim plainly lacks merit.  A prosecutorial-misconduct claim rises to the level of a constitutional claim only when the alleged misconduct was so egregious that it "made the [petitioner's] trial so fundamentally unfair as to deny him due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974); *Hamblin v. Mitchell*, 354 F.3d 482, 494 (6th Cir. 2003); *see also Johnson v. Holloway*, No. 3:14-cv-1071, 2016 U.S. Dist. LEXIS 175876 *34-35 (M.D. Tenn. 2016) (addressing whether the presentation of grand jury testimony from a person who did not have any actual knowledge about the petitioner's case violated the petitioner's due process rights).  A prosecutor's knowing use of *false or perjured* testimony may constitute a denial of due process "cognizable on federal habeas review because the 'deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice.'"  *See Abdus-Samad v. Bell*, 420 F.3d 614, 625 (6th Cir. 2005) (quoting *Giglio v. United States*, 405 US. 150, 153 (1972)) (addressing false testimony before a petit jury).  To establish prosecutorial misconduct or a denial of due process, the petitioner must show: (1) the prosecutor presented indisputably false, rather than merely misleading, testimony; (2) the prosecutor knew the testimony was false; and (3) the false testimony was material to the jury's guilty verdict.  *See Abdus-Samad*, 420 F.3d at 625-26.

Here, Franklin has not argued that the prosecutor presented any *false or perjured* testimony before the grand jury, much less that she knowingly did so.  Instead, he merely alleges that the prosecutor presented *biased* testimony against him during the grand jury proceedings.  That is not misconduct.  The very nature of grand jury proceedings – ex parte proceedings presenting only the prosecutor's side in order to assess whether there is probable cause to indict

someone on criminal charges – implies that the evidence presented before the grand jury will be biased against the defense.  *Cf. United States v. Williams*, 504 U.S. 36, 51-52 (1992) (describing the historical character of grand juries, and stating that requiring the prosecutor to present exculpatory evidence before a grand jury would "transform[] it from an accusatory to an adjudicatory body").  Moreover, because Ohio criminal defendants may impeach the credibility or bias of witnesses presented before a *petit* jury, the presentation of allegedly biased witnesses before a *grand* jury cannot be said to render a *trial* fundamentally unfair.  *See State v. Ferguson*, 450 N.E.2d 265, 270-71 (Ohio 1983) (holding that a criminal defendant may cross-examine a prosecuting witness regarding bias and prejudice because that "is a matter affecting credibility under Evid. R. 611(B)"); *State v. Drummond*, 854 N.E.2d 1038, 1061 (Ohio 2006) (noting that Ohio Evid. R. 616(A) permits criminal defendants to impeach witnesses on cross-examination or by extrinsic evidence to show bias, prejudice, interest, or any motive to misrepresent).  Thus, Franklin cannot show that the prosecutor's decision to present an allegedly *biased* witness before the grand jury violated his federal constitutional rights.

**D.**     **Ground Six**

Franklin's Ground Six claim alleges that he was denied effective assistance of appellate counsel, in violation of his rights under the *Fifth*, *Sixth*, and *Fourteenth Amendments*.  ECF Doc. 1 at 11-12; ECF Doc. 10 at 11-13.  Specifically, Franklin raises four theories about why he thinks appellate counsel was constitutionally ineffective: (1) appellate counsel failed to argue on direct appeal that the trial court improperly found him guilty of gross sexual imposition "despite the failure . . . to determine How, When, Where, or What happened"; (2) appellate counsel failed to argue on direct appeal that the timeline in the indictment conflicted with the timeline in E.B.'s mother's testimony; (3) appellate counsel failed to provide authority or record citations supporting his arguments that the trial court improperly admitted hearsay testimony; and (4)

appellate counsel failed to provide authority supporting his arguments that trial counsel was ineffective for failing to object to the hearsay testimony.  ECF Doc. 1 at 11-12; ECF Doc. 10 at 11-13.

### 1.    Procedural Default

Franklin's Ground Six claims are procedurally defaulted.  Although Franklin's App. R. 26(B) application to reopen his direct appeal indicated that he wished to present all four of his ineffective-assistance arguments in a reopened direct appeal, the Ohio Court of Appeals denied his application because he did not comply with App. R. 26(B)(2)(d)'s requirement to file a sworn statement of the basis for the claim that appellate counsel's representation was deficient and the manner in which the deficiency prejudicially affected the outcome of his appeal.  ECF Doc. 9-1 at 153.  The court of appeals' decision to deny Franklin's application to reopen based on his failure to comply with a procedural rule precluded him from presenting the merits of his ineffective-assistance-of-appellate-counsel claims.  *Cf. Gerth*, 2019 U.S. App. LEXIS 27788 at *14-15 (indicating that an Ohio appellate court does not adjudicate issues on the merits when deciding whether to grant an App. R. 26(B) application, but instead merely decides whether any of the issues raised in the application warrant reopening the appeal for adjudication on the merits).  Similarly, the Ohio Supreme Court's decision not to disturb the Ohio Court of Appeals' decision precluded Franklin from presenting the merits of his ineffective-assistance arguments before the Ohio Supreme Court.  ECF Doc. 9-1 at 188.  Further, App. R. 26(B)(2)(d)'s sworn statement requirement is firmly established and regularly followed by Ohio courts, and it is an adequate and independent state-law ground for denying review of a constitutional claim.  *See Gyekye v. Warden, Madison Corr. Inst.*, No. 1:09-cv-753, 2010 U.S. Dist. LEXIS 93345 *21-22 (S.D. Ohio, July 28, 2010) (collecting cases and noting that the Ohio Supreme Court has held that the sworn statement requirement is mandatory), *adopted by* 2010 U.S. Dist. LEXIS 93339

(S.D. Ohio, Sept. 8, 2010); *see also Jackson v. Sloan*, No. 1:17-cv-1081, 2019 U.S. Dist. LEXIS 87196 *21-22 (N.D. Ohio, April 24, 2019), *adopted by* 2019 U.S. Dist. LEXIS 87192 (N.D. Ohio, May 23, 2019).  Thus, Franklin's failure to comply with App. R. 26(B)(2)(d)'s requirements precludes federal habeas review of his Ground Six claims, unless he can show cause and prejudice excusing the default or that a manifest miscarriage of justice would occur if the court did not entertain his claims.  *Coleman*, 501 U.S. at 750; *Maupin*, 785 F.2d at 138; *Williams*, 260 F.3d at 693; *see also Gerth*, 2019 U.S. App. LEXIS 27788 at *17-19.

This is not such a case.  Franklin does not argue that something he could not control caused his procedural default, or that there would be a fundamental miscarriage of justice if his ineffective-assistance-of-appellate counsel claims are not considered.  *See generally* ECF Doc. 1; ECF Doc. 10.  Even if Franklin had argued that he had good cause for failing to raise the merits of his ineffective-assistance claims before the Ohio Court of Appeals and Ohio Supreme Court, his *pro se* status in filing his application to reopen would likely prevent him from pointing to some external factor that prevented him from fully complying with App. R. 26(B)(2)(d)'s sworn statement requirement.  *Coleman*, 501 U.S. at 750.  Moreover, Franklin has not produced any new, reliable evidence not presented at trial demonstrating that he is factually innocent and that a fundamental miscarriage of justice would occur if this court did not entertain his ineffective-assistance-of-appellate-counsel claims.  *Lundgren*, 440 F.3d at 764; *Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 324; *see generally* ECF Doc. 1; ECF Doc. 10.  Therefore, Franklin cannot overcome his procedural default on his Ground Six claims.

I recommend Franklin's Ground Six claim be dismissed as procedurally defaulted.  Accordingly, this Court need not reach the merits of that claim.

2.    **Merits**

The court is not required to dispose of Franklin's Ground Six claims on the basis of procedural default because his ineffective-assistance-of-appellate-counsel claims plainly lack merit. The right to effective assistance of counsel extends to the first appeal as of right.[8] *Evitts v. Lucey*, 469 U.S. 387, 392 (1985).  In *Strickland v. Washington*, the U.S. Supreme Court established that a petitioner claiming ineffective assistance of counsel must show that: (1) counsel's representation "fell below an objective standard of reasonableness," such that he was not performing as counsel guaranteed under the *Sixth Amendment*; and (2) counsel's deficient performance prejudiced the defendant. 466 U.S. 668, 688 (1984).  This standard applies to claims that appellate counsel was constitutionally ineffective. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  To act as counsel guaranteed by the *Sixth Amendment*, appellate counsel need only exercise reasonable professional judgment, and is not obligated to raise every "colorable" claim on appeal. *Jones*, 463 U.S. at 754; *see also Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.").  Further, counsel cannot be ineffective for failing to raise a meritless claim or argument. *Shaneberger*, 615 F.3d at 452; *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (indicating that the task of winnowing out less persuasive arguments on appeal is the hallmark of an effective appellate advocate).  For prejudice, the petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Smith v. Jago*, 888 F.2d 399, 404 (6th Cir. 1989) ("An error by counsel, even if professionally unreasonable, does

---

[8] In this case, the "first appeal as of right" was Franklin's initial appeal to the Ohio Court of Appeals following his trial court conviction.

not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."), *cert. denied*, 495 U.S. 961 (1990).

i.  *Trial Court's Lack of Specific Findings*

Franklin's first argument – that appellate counsel was ineffective for failing to argue that the trial court improperly found him guilty of gross sexual imposition despite not finding "how, when, where, and what happened" in his case is plainly meritless.  The essential elements of gross sexual imposition require the prosecution to prove that: (1) the offender had sexual contact (touching an erogenous zone) with another; (2) the victim was not the spouse of the offender; (3) the victim was less than 13 years of age; and (4) the offender touched the victim for the purpose of sexually arousing or gratifying either person.  Ohio Rev. Code §§ 2907.05(A)(4), 2907.01(B).  As the Ohio Court of Appeals implied in overruling Franklin's first assignment of error, the trial court sufficiently found "that the state met its burden of proving the essential elements of gross sexual imposition beyond a reasonable doubt."  ECF Doc. 9-1 at 82.  Nothing in the statute required the factfinder to *articulate* the specific date, location, or acts in evidence that satisfied those essential elements.  Indeed, the Ohio Criminal Rules provide that when, as here, a criminal defendant waives his right to a jury trial and proceeds to a bench trial, "the court shall make a general finding."[9]  Ohio Crim. R. 23(C); *see also State v. Walker*, 498 N.E.2d 191, 193 (Ohio App. Ct. 1985) (trial court's general finding that the defendant was guilty of murder did not violate a defendant's due process rights when the defendant waived his right to a jury trial); *State v. Rister*, No. L-09-1191, 2012-Ohio-516 at ¶15 (Ohio App. Ct. 2012) (same); *City of*

---

[9] A "general finding" is "[a] finding of fact by the trial court, in a trial to the court, in terms such as "all the issues of facts presented under the pleadings are determined in favor of the plaintiff," usually being sufficient to support a judgment  in the absence of a statute or rule of practice to the contrary, since it imports a finding of every subsidiary facts.  *General Finding*, Ballentine's Law Dictionary (3d ed. 1969); *see also General Verdict*, Black's Law Dictionary (11th ed. 2019) ("A verdict by which the jury finds in favor of one party or the other, as opposed to resolving specific fact questions.").

*Cleveland Heights v. Watson*, No. 85344, 2005-Ohio-3595 at ¶15 (Ohio App. Ct. 2005) (trial court did not err in denying defendant's request for findings of fact and conclusions of law because Rule 23(C) required only a general finding in a bench trial verdict).  Moreover, Franklin has not pointed to, and research does not reveal, any authority indicating that the U.S. Constitution precludes a trial court from issuing a general finding of guilt after a bench trial in a non-capital case.  Thus, any challenge to the trial court's general finding, or lack of specific findings, would have been plainly meritless, and appellate counsel was not deficient for omitting that claim.  *Shaneberger*, 615 F.3d at 462; *Smith*, 477 U.S. at 536.  Instead, appellate counsel satisfied her obligation to exercise reasonable professional judgment when she brought a non-frivolous (though ultimately meritless) claim challenging the sufficiency of the evidence to support the verdict, rather than the manner in which it was issued.  *Jones*, 463 U.S. at 754; *Strickland*, 466 U.S. at 690; *see* Section VI.A., *supra*.

### ii.  Timelines Conflict

Similarly, Franklin's second argument – that his appellate counsel was ineffective for failing to challenge on direct appeal the finding that he was guilty despite a conflict between timeline in the indictment and the timeline in E.B.'s mother's testimony – is plainly meritless.  A review of the record indicates that the timeline described E.B.'s mother's testimony was *consistent* with the indictment's timeline.  The two charges of gross sexual imposition both alleged that Franklin had sexual contact with E.B. between "May 1, 2011 [and] June 21, 2013." ECF Doc. 9-1 at 7.  E.B.'s mother testified that: (1) she married Franklin in June 2010; (2) she first learned in June 2011 that Franklin had several sexual contacts with E.B., kicked him out of the house, and allowed him back into the house the next day; (3) she learned in June 2012 that Franklin again had several sexual contacts with E.B., kicked him out of the house, and allowed him back into the house a week and a half later; and (4) she learned in March 2013 that Franklin

continued to have sexual contact with E.B. and kicked him out of the house for good..  ECF Doc. 9-2 at 139, 143-48, 151-53, 156, 164.  Because all of the dates described by E.B.'s mother fell within, and were *consistent* with, the timeline described in the indictment, any claim challenging the lack of perfect congruity between the timelines in the indictment and E.B.'s mother's testimony would have been meritless, and appellate counsel could not have been deficient for not raising such a challenge.  *Shaneberger*, 615 F.3d at 462; *Smith*, 477 U.S. at 536.

### iii.    Failure to Cite Authority & Record

Franklin's third and fourth ineffective-assistance of counsel arguments are also plainly meritless.  Here, Franklin has not pointed to any Ohio or federal court decisions holding that: (1) a trial court committed plain error by admitting a witness-mother's testimony about what the victim-child told her when the victim-child was also present at the trial and testified; or (2) trial counsel was deficient for failing to object to such testimony.  *See generally* ECF Doc. 1; ECF Doc. 10.  Franklin's failure to point to any legal authority that he believes counsel should have cited to support his plain-error and ineffective-assistance-of-trial-counsel claims precludes him from showing that appellate counsel was deficient for failing to cite supporting authority.  *See Johnson v. Howes*, No. 1:10-cv-537, 2012 U.S. Dist. LEXIS 151020 *31-34 (W.D. Mich., Jul. 20, 2012), *adopted by* 2012 U.S. Dist. LEXIS 149856 (W.D. Mich., Oct. 18, 2012).  Even assuming that the failure to cite supporting authority was deficient performance, however, Franklin's failure to point to any such authority in his habeas petition also precludes him from showing that the outcome of his case would have been different had appellate counsel included citations to supporting authority.  *Strickland*, 466 U.S. at 694; *Smith*, 888 F.2d at 404.  Likewise, in the absence of supporting authority, Franklin cannot show that the inclusion of record citations would have changed the outcome of his case.  *Strickland*, 466 U.S. at 694; *Smith*, 888 F.2d at 404.  Thus, Franklin has not met his burden to show that the Ohio Court of Appeals could not

have reasonably found that me met the standard for showing that appellate counsel rendered constitutionally ineffective assistance.  28 U.S.C. § 2254; *Harrington*, 562 U.S. at 88, 102-03; *Strickland*, 466 U.S. at 688, 690, 694.  Most importantly, Franklin has not demonstrated that any conclusion of the Ohio Court of Appeals on this issue was inconsistent with or a misapplication of *Strickland* or any other clearly established federal law announced by the United States Supreme Court.  This alone renders his claim meritless.

Accordingly, because Franklin has not shown that the Ohio Court of Appeals could not have reasonably determined that appellate counsel's performance was not constitutionally ineffective, his Ground Six claims may be denied on the merits.

### E.    Ground Seven

In Ground Seven, Franklin argues that the trial court denied him "due process [and] equal protection of the law" when it found him guilty of gross sexual imposition, even though "it was conscious of the fact that that" E.B.'s mother's testimony conflicted with the timeline set in the indictment and a deputy's report.  ECF Doc. 1 at 13; ECF Doc. 10 at 13-14.  Specifically, Franklin asserts that "[a]n indictment requires a specific timeline," and that the lack of a specific timeline rendered his conviction unsupported by sufficient evidence.  ECF Doc. 1 at 13; ECF Doc. 10 at 13-14.  In support of his claim, Franklin attached to his traverse a copy of investigation reports and a report of E.B.'s investigation interview.  *See* ECF Doc. 10-4; ECF Doc. 10-7.  E.B.'s investigation interview report indicated that E.B. told the investigator that Franklin first made sexual contact with her "during the summer of 2011," and that he last made sexual contact with her "just before he left in March 2013."  ECF Doc. 10-4.

### 1.    Procedural Default

Like many of his other claims, Franklin's Ground Seven claim is procedurally defaulted. Franklin never fully and fairly presented the legal and factual basis of his Ground Seven claim to

the Ohio courts on direct appeal or in his postconviction petition, and there is no longer time to do so.  *Wainwright*, 433 U.S. at 80, 84-7; *Engle*, 465 U.S. at 125 n.28; *Williams*, 460 F.3d at 806; Ohio R. App. P. 4(A); Ohio Rev. Code § 2953.21(A)(2).  Although Franklin attempted to present his Ground Seven claim through the vehicle of an ineffective-assistance-of-counsel claim in his App. R. 26(B) application to reopen his direct appeal, the Ohio Court of Appeal's decision to deny his application and the Ohio Supreme Court's refusal to disturb that ruling precluded him from presenting the merits of this claim.  *Cf. Gerth*, 2019 U.S. App. LEXIS 27788 at *14-15.  ECF Doc. 9-1 at 153, 188.  Further, as discussed above, the Ohio Court of Appeals' decision to deny Franklin's application to reopen his direct appeal, based his failure to submit a sworn statement in compliance with App. R. 26(B)(2)(d), constituted the application of an independent, adequate, and regularly-applied state procedural rule which barred consideration of Franklin's Ground Seven claim.  *See* Section VI.D.1., *supra*.  Thus, federal habeas review of Franklin's Ground Seven claim is barred unless he can show cause and prejudice excusing the default or that a manifest miscarriage of justice would occur if the court did not entertain this claim.  *Coleman*, 501 U.S. at 750; *Maupin*, 785 F.2d at 138; *Williams*, 260 F.3d at 693; *see also Gerth*, 2019 U.S. App. LEXIS 27788 at *17-19.

Again, Franklin has not argued that something he could not control caused his procedural default, or that there would be a fundamental miscarriage of justice if the court did not consider his Ground Seven claim.  *See generally* ECF Doc. 1; ECF Doc. 10.  Even if this court were to construe his ineffective-assistance-of-appellate-counsel claim from Ground Six as alleging cause for failing to earlier raise his Ground Seven claim, that argument would fail because, as discussed above, Franklin has not shown that counsel was deficient for failing to present this claim on direct appeal or that the failure to do so prejudiced him.  *See* Section VI.D.2.*ii*., *supra*.  Further, Franklin's ineffective-assistance of counsel argument cannot serve as cause for his

procedural default because he did not "fairly present" *that* claim before the Ohio courts.  *See Edwards v. Carpenter*, 529 U.S. 446, 461-52 (2000); *Lancaster v. Adams*, 324 F.3d 423, 437-38 (6th Cir. 2003); *Ewing v. McMackin*, 799 F.2d 1143, 1149-50 (6th Cir. 1986) (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)); *see also* Section VI.D.1., *supra*.  Moreover, as stated above, Franklin has not produced any new, reliable evidence demonstrating that he is factually innocent of gross sexual imposition and that a fundamental miscarriage of justice would occur if this court did not entertain his Ground Seven claim.  *Lundgren*, 440 F.3d at 764; *Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 324; *see generally* ECF Doc. 1; ECF Doc. 10.  Therefore, Franklin has not overcome his procedural default of his Ground Seven claim.

I recommend Franklin's Ground Seven claim be dismissed as procedurally defaulted. Accordingly, this Court need not reach the merits of Franklin's Ground Seven claims.

## 2.  Cognizability

To the extent that Franklin alleges his indictment was deficient as a result of an alleged conflict with E.B.'s mother's testimony, Franklin's Ground Seven claim is not cognizable. "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review."  *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002); *see also Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986) ("The indictment here had sufficient information to provide petitioner with adequate notice and the opportunity to defend and protect himself against future prosecution for the same offense.  Any other deficiencies in the indictment alleged by petitioner are solely matters of state law and so not cognizable in a federal habeas proceeding.").  Because Franklin does not allege the indictment was insufficient to provide him notice of the charges against him, and thereby denied him the opportunity to defend and protect himself against future

prosecutions, his Ground Seven claim is not cognizable to the extent that it alleges the indictment was insufficient to support his conviction. *See* ECF Doc. 1 at 13; ECF Doc. 10 at 13-14.[10]

### 3.    Merits

To the extent that Franklin argues that there was insufficient evidence to support his conviction in light of the alleged conflicts between the timeline in E.B.'s mother's testimony, the indictment, and the investigation reports, Franklin's claim is also meritless. As discussed above, the timeline in E.B.'s mother's testimony was *consistent* with the timeline in the affidavit. *See* Section VI.D.2.*ii.*, *supra* (citing ECF Doc. 9-2 at 139, 143-48, 151-53, 156, 164). Similarly, the investigation reports – which indicate that E.B. said Franklin had sexual contact with her several times between "summer of 2011" and March 2013, was also consistent with the timelines in E.B.'s mother's testimony and the indictment. *Compare* ECF Doc. 10-4, *with* ECF Doc. 9-2 at 139, 143-48, 151-53, 156, 164. Thus, there was *no conflict* between any of those timelines. Moreover, even if the timelines in E.B.'s mother's testimony and the investigation reports conflicted, the trial court, as factfinder, could have relied on either, both, or neither in finding that Franklin committed the acts alleged in the indictment. *Cf. United States v. Bailey*, 444 U.S. 394, 414-15 (1980) ("It is for [the factfinder], generally, and not for appellate courts, to say that a

---

[10] It may be worth noting that Franklin could have instead raised a colorable argument challenging whether the wide timeline in the two counts of gross sexual imposition was insufficient to give him notice of the charges against him. *See*, *e.g.*, *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005) (holding that an indictment did not provide a defendant the notice required by due process when it contained twenty identical counts of child rape and 20 identical counts of felonious sexual penetration, each with the same wide timeline, because the lack of specificity or distinguishing characteristics between the separate counts left him without the ability to defend himself against forty distinct criminal offenses). Nevertheless, such a claim would be procedurally defaulted because Franklin never presented the factual and legal basis for it before the Ohio courts. *Gerth*, 2019 U.S. App. LEXIS 27788 at *10; *Wainwright*, 433 U.S. at 80, 84-87; *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. And it is unlikely that Franklin could overcome his procedural default on such a claim, as: (1) he has not made any cause-and-prejudice argument; and (2) a claim challenging the sufficiency of notice would not establish that Franklin was "factually innocent" of gross sexual imposition. *Coleman*, 501 U.S. at 760; *Lundgren*, 440 F.3d at 764; *Bousley*, 523 U.S. at 623. Thus, the court should not construe Franklin's Ground Seven claim to argue that he did not have sufficient notice of the charges against him.

particular witness spoke the truth or fabricated a cock-and-bull story."); *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992) ("It is the province of the factfinder . . . to weigh the probative value of the evidence and resolve any conflicts in the testimony.").  Thus, given the trial court's finding that Franklin was guilty of gross sexual imposition the deference required under AEDPA, this Court should not find that insufficient evidence supported Franklin's convictions based on any alleged conflict between the timelines in E.B.'s mother's testimony or the timeline in the investigation reports.  *Harrington*, 562 U.S. at 88, 102-03; *Schriro*, 550 U.S. at 473; *Jackson*, 443 U.S. at 322 n.5.  Based on the evidence in the record, both the trial court and the state appellate court reasonably found that sufficient evidence supported Franklin's conviction. *Wiggins*, 539 U.S. at 528-29; *Burt*, 571 U.S. at 18.

### F.      Ground Eight

Franklin's Ground Eight claim alleges that the trial court violated his *Fifth*, *Sixth*, and *Fourteenth Amendment* rights by admitting E.B.'s mother's hearsay testimony regarding what she had read in E.B.'s journal and heard from E.B. regarding Franklin's ongoing sexual contact with E.B.  ECF Doc. 1 at 14-15; ECF Doc. 10 at 14-15.  Specifically, Franklin challenges the following hearsay statements from E.B.'s mother's testimony:

> [E.B.'s mother] testified that E.B.'s words in her journal were that Quentin was touching her private areas.  [E.B.'s mother] testified that E.B. said pee-pee. [E.B.'s mother] testified that the girls would not be permitted in the parent's bedroom, because E.B. said [t]hats where it always happened at first.  [E.B.'s mother] stated that the touching of E.B. came to her attention in June of 2011. The second disclosure, nearly a year later, [E.B.'s mother] explained that E.B. disclosed that Quentin was touching her again, so she told him to pack his things and leave.  March of 2013, E.B. told [her mother] that Quentin had started touching her again in the fall when school started.

ECF Doc. 1 at 14-15 (citations omitted).

### 1.    Procedural Default

Franklin's Ground Eight claim is procedurally defaulted because he did not object to the admission of E.B.'s mother's hearsay testimony at trial.  Although Franklin raised his hearsay claim on direct appeal to the Ohio Court of Appeals and the Ohio Supreme Court, the Ohio Court of Appeals reviewed his claim only for plain error because Franklin had failed to comply Ohio's contemporaneous objection rule.  ECF Doc. 9-1 at 84-86.  The Sixth Circuit has held that Ohio's contemporaneous objection rule is an adequate and independent state ground for a procedural default, and that subsequent plain error review did not waive the procedural default or resurrect the issue for federal habeas review.  *Wogenstahl v. Mitchell*, 668 F.3d 308, 336-37 (6th Cir. 2012); *see also Scott v. Mitchell*, 209 F.3d 854, 873 (6th Cir. 2000).  Thus, Franklin's Ground Eight claim must be denied as procedurally defaulted unless he can show cause and prejudice excusing the default or that a manifest miscarriage of justice would occur if the court did not entertain his claims.  *Coleman*, 501 U.S. at 750; *Maupin*, 785 F.2d at 138; *Williams*, 260 F.3d at 693; *see also Gerth*, 2019 U.S. App. LEXIS 27788 at *17-19.  As with his other procedurally defaulted claims, however, Franklin has not provided any argument in his petition or traverse contending that an external factor caused his procedural default or that a fundamental miscarriage of justice would occur if the court did not consider his hearsay testimony claim. *Coleman*, 501 U.S. at 750; *Moore*, 74 F.3d a 691-92; *Mason*, 320 F.3d at 629; *Frady*, 456 U.S. at 170-72; *Lundgren*, 440 F.3d at 764; *Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 324; *see generally* ECF Doc. 1; ECF Doc. 10.

Accordingly, I recommend Franklin's Ground Eight claim be dismissed as procedurally defaulted.

2.      **Cognizability**

Even if this Court were to look past the procedural default of Franklin's Ground Eight

claim, the claim must be dismissed because it does not allege a violation of federal constitutional

law.  Because Franklin was charged under Ohio's criminal statutes and prosecuted in Ohio state

court, the admissibility of evidence was governed under the Ohio Rules of Evidence.  *Compare*

Ohio Evid. R. 101(A) ("These rules govern proceedings in courts of this State."), *with* Fed. R.

Evid. 1101(a) (providing that the Federal Rules of Evidence apply to proceedings before United

States courts).  Even if this court accepted as true Franklin's claim that the Ohio Court of

Appeals unreasonably found that the trial court did not commit plain error by admitting hearsay

evidence in violation of Ohio Evid. R. 801 and 802, this Court would have no authority to grand

federal habeas relief under 28 U.S.C. § 2254 because such relief does not lie for errors of state

law.  *Estelle*, 502 U.S. at 68; *Lewis*, 497 U.S. at 780; *see also Foley v. Parker*, 488 F.3d 377, 384

(6th Cir. 2007) ("A trial judge's decision concerning the admission of evidence is a state-law

matter generally not subject to habeas review.").  Further, Franklin's vague references to the

*Sixth* and *Fourteenth Amendment* are insufficient to convert his Ground Eight claim to a

Confrontation Clause or Due Process Clause claim.  *Rivera v. Illinois*, 556 U.S. at 158; *Isaac*,

456 U.S. at 121 n.21; *Seymour*, 224 F.3d at 552.  Even if the Ground Eight claim could be

construed to raise such a claim, Franklin's failure to cite or rely upon any Supreme Court

decisions is fatal to any argument that the state courts arrived at a conclusion contrary to or

inconsistent with clearly established federal law. *Williams*, 529 U.S. at 412-13; *Lockyer*, 538

U.S. at 71-72; *White*, 572 U.S. at 420; 28 U.S.C. § 2254(d)(1).

Accordingly, if the court chooses to look past Franklin's procedural default, I recommend

that the Court dismiss his Ground Eight claim as not cognizable.

### G.      Ground Nine

In his Ground Nine claim, Franklin argues that trial counsel was constitutionally

ineffective, in violation of his *Sixth* and *Fourteenth Amendment* rights.  ECF Doc. 1 at 16-17;

ECF Doc. 10 at 15-17.  Specifically, Franklin raises six theories about why he thinks trial

counsel was constitutionally ineffective: (1) counsel persuaded him to waive his right to a jury

trial and proceed to a bench trial when counsel "informed [him] that 'Racism' would play a

significant role in the case" and "fail[ed] to inform [him] of his right to 'Select' half of the jury

in a jury trial;" (2) counsel "disregarded" that the grand jury was influenced by a deputy's

testimony and Franklin's recorded interrogation; (3) counsel failed to move to suppress his

recorded interrogation based an alleged violation of his *Miranda* rights[11] and because the

recording including hearsay statements by a deputy; (4) counsel ignored the conflict between the

timelines in E.B.'s mother's testimony, the indictment, and the investigation report; (5) counsel

failed to object to E.B.'s mother's hearsay testimony regarding what she read in E.B.'s journal

and what E.B. told her about Franklin's abuse; and (6) counsel failed to move for acquittal on

Counts 9 and 10 (gross sexual imposition).  ECF Doc. 1 at 16-17.[12]

---

[11] Franklin actually says, "Memorandum rights."  ECF Doc. 1 at 16.  I construe this as a reference to the
warnings required before custodial interrogations under *Miranda v. Arizona*, 384 U.S. 436 (1966).  To the
extent that Franklin actually believes he was entitled to a memorandum before his interrogation, however,
he has provided, and research has not revealed, any constitutional basis for that belief.

[12] Franklin's traverse raises – for the first time – six *additional* theories about why he believes counsel
was ineffective: (1) counsel failed to question E.B.'s mother about whether she was motivated to lie about
Franklin's offense because she was still in love with him, she wanted him to move back into her home,
and he refused; (2) counsel withheld an initial report by E.B.'s mother in which she stated that she took
three months to disclose the abuse because "she did not believe it, but since her husband Mr. Franklin did
not return home, it must have been true;" (3) counsel purposely volunteered information about children
service advocate E. Miller's licensing being improper, against Franklin's interests; (4) counsel neglected
to have a psych evaluation performed on E.B's mother and J.B. "even though he was conscious of the fact
that they both suffered from a mental illness;" (5) counsel neglected to have a rape crisis specialist testify
that E.B.'s text messages to Franklin were not typical behavior of a teenager, and that Franklin was "the
best father anyone could ask for;" (6) counsel "failed to argue that J.B. not [E.B.'s mother] was the true
corroborating witness; and (7) counsel failed to argue that E.B.'s mother, J.B, and E.B. all told the
children service advocate E. Miller that there were no previous concerns of sexual abuse, and that their
stories changed only when Franklin refused to return to their home.  ECF Doc. 10 at 16-17.  The law is

### 1.    Procedural Default

All of Franklin's Ground Nine claim arguments – except his argument that counsel was ineffective for failing to object to E.B.'s mother's hearsay testimony and the hearsay statements made by the deputy in during his recorded interrogation – are procedurally defaulted.  Other than those two arguments, which were presented on direct appeal, Franklin never raised this series of ineffective-assistance of counsel arguments on direct appeal or in his post-conviction petition, and Ohio law no longer permits him time to do so.  ECF Doc. 9-1 at 22-50, 129-40, 189-95. *Wainwright*, 433 U.S. at 80, 84-7; *Engle*, 465 U.S. at 125 n.28; *Williams*, 460 F.3d at 806; Ohio R. App. P. 4(A); Ohio Rev. Code § 2953.21(A)(2).  Further, as with his other claims, Franklin filings have not provided any argument that an external factor caused his procedural default or that a fundamental miscarriage of justice would occur if the court did not consider his Ground Nine ineffective assistance of counsel claims.  *Coleman*, 501 U.S. at 750; *Moore*, 74 F.3d a 691-92; *Mason*, 320 F.3d at 629; *Frady*, 456 U.S. at 170-72; *Lundgren*, 440 F.3d at 764; *Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 324; *see generally* ECF Doc. 1; ECF Doc. 10.  Thus, Franklin has procedurally defaulted on all of his ineffective-assistance-of-trial-counsel arguments – except the two arguments he raised on direct appeal, identified above – and has not met his burden to overcome his procedural default of those claims.

Accordingly, I recommend that court dismiss in part Franklin's Ground Nine claim as procedurally defaulted.  This court need not reach the merits of Franklin's procedurally defaulted Ground Nine ineffective-assistance-of-trial-counsel claims.

---

quite clear that arguments presented for the first time in a traverse are waived.  *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (citing *United States v. Barrett*, 178 F.3d 34, 46 n.6 (1st Cir. 1999); *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)).  Thus, this Court need not entertain them.

### 2.  Merits

Even if the court were to look past the procedural default of Franklin's Ground Nine

claims, the court should nevertheless deny relief on the Ground Nine claims because each of his

arguments is plainly meritless.  As discussed above, the *Sixth* and *Fourteenth Amendments*

guarantee criminal defendants the right to "reasonably effective assistance" of counsel.

*Strickland*, 466 U.S. at 678; *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) ("The *Sixth Amendment*

guarantees reasonable competence, not perfect advocacy judged from the benefit of hindsight.").

To establish that counsel's representation was constitutionally ineffective, a habeas petitioner

must show that: (1) counsel's representation fell below an objective standard of reasonableness

based on all the circumstances in the case, such that he did function as "counsel" guaranteed by

the *Sixth Amendment*; and (2) "the deficient performance prejudiced the defense."  *Strickland*,

466 U.S. at 687-88.  This standard is highly deferential, and the petitioner must overcome the

presumption that counsel "rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment."  *Id.* at 690.  A court must assess counsel's

performance within the context of the circumstances at the time the alleged errors occurred.  *Id.*

at 690.  To satisfy the "prejudice" prong, the petitioner must "show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different."  *Id.* at 694; *see also Smith*, 888 F.2d at 404.

#### i.  *Waiver of Jury Trial*

The gravamen of Franklin's first ineffective-assistance argument is that, in hindsight, he

is dissatisfied with his counsel's strategic recommendation to waive a jury trial to avoid

potentially racist jurors.  This argument is plainly meritless.  Strategic decisions by counsel are

particularly difficult to attack.  *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  To

succeed, the petitioner must overcome a presumption that the challenged action was sound trial

strategy.  *Strickland*, 466 U.S. at 689.  It is unlikely that Franklin could overcome this presumption, as the record shows that Franklin testified before his bench trial that his decision to waive his right to a jury trial was *his decision*, that he understood he had the right to a trial selected from the community, and that he decided to waive his right to a jury trial without anyone putting pressure on him and after he discussed the matter with his attorney.  ECF Doc. 9-2 at 6-7; *see also Marshall v. Morgan*, 260 F. App'x 789, 793-94 (6th Cir. 2008) (counsel not ineffective when the record showed that a jury trial waiver was voluntary).  Even assuming, however, that counsel might have failed to discuss with Franklin the full scope of his jury selection rights, Franklin has not shown that the outcome of his case probably would have been different had he proceeded to a jury trial – especially when, as discussed above, there was sufficient evidence adduced at trial to support his convictions for gross sexual imposition.  *Strickland*, 466 U.S. at 688, 694; *Jago*, 888 F.2d at 404; *see also* Section VI.A.2, *supra*.  Thus, Franklin has not shown that counsel was ineffective for advising him to waive his right to a jury trial.

### ii.    *Influence on Grand Jury*

Franklin's second ineffective-assistance of counsel argument – that trial counsel was ineffective for failing to challenge the indictment based on the "influence" that a deputy's testimony and his recorded interrogation had on the grand jury – is also plainly meritless.  Both the U.S. Supreme Court and the Ohio Supreme Court have held that a facially valid indictment is not subject to a challenge based on the reliability or competence of the evidence supporting the grand jury's finding of probable cause.  *See Kayle v. United States*, 571 U.S. 320, 328 (2014); *State v. Wilks*, 114 N.E.3d 1092, 1106 (Ohio 2018); *see also United States v. Calandra*, 414 U.S. 338, 344-45 (1974) (a grand jury indictment cannot be challenged even on the basis that the evidence supporting the probable cause finding was seized in violation of a defendant's *Fifth*

*Amendment* rights). Thus, any challenge to the evidence supporting the indictment would have been plainly meritless. Accordingly, Franklin cannot show that trial counsel was ineffective for not bringing such a claim. *Shaneberger*, 615 F.3d at 452; *Smith*, 477 U.S. at 536.

### iii. Recorded Interrogation

Franklin's third ineffective-assistance of counsel argument – that counsel failed to move to suppress his interrogation recording based on hearsay statements by a deputy and because of an alleged violation of his *Miranda* rights – is plainly meritless. As the Ohio Court of Appeals noted in reviewing Franklin's claim that trial counsel was ineffective for not objecting to the interrogation recording based on the deputy's hearsay statements, counsel *did* request that the court not consider the recorded deputy's statements and the trial court agreed not to consider those statements because they would not be admissible at trial. ECF Doc. 9-1 at 87; *see also* ECF Doc. 9-2 at 266-67. Thus, because trial counsel actually did point out the inadmissible hearsay statements in the interrogation recording and the trial court agreed not to consider the deputy's statements, Franklin has not shown that the Ohio Court of Appeals' unreasonably determined that trial counsel's performance was not ineffective on the basis of counsel's failure to object to the deputy's hearsay statements in the recorded interrogation. *Harrington*, 526 U.S. at 88, 102-03; *Schriro*, 550 U.S. at 473; *Yarborough*, 541 U.S. at 664; *Jackson*, 443 U.S. at 322 n.5; *Strickland*, 466 U.S. at 668-90, 694.

Similarly, Franklin has not met his burden to show that trial counsel was ineffective for failing to object to the recorded interrogation based on a violation of his *Miranda* rights. In *Miranda v. Arizona*, the Supreme Court held that law enforcement officers must warn an individual in their custody of his right to remain silent, that any statement may be used against him, and that he has the right to counsel. 384 U.S. 439, 478-79 (1996). The admission of unwarned statements is a constitutional violation of a defendant's *Fifth Amendment* rights.

45

*United States v. Patane*, 542 U.S. 630, 641 (2004).  Nevertheless, the rights described in the

*Miranda* warnings may be waived.  *Moran v. Burbine*, 475 U.S. 412, 421 (1986); *Edwards v.*

*Arizona*, 451 U.S. 477, 482 (1981); *Machacek v. Hofbauer*, 213 F.3d 947, 954 (6th Cir. 2000).

On habeas review, the petitioner has the burden to show that he did not waive his *Miranda*

rights.  *Garner v. Mitchell*, 557 F.3d 257, 260-61 (6th Cir. 2009).  Here, Franklin has not pointed

to, and an independent review of the record has not revealed, any evidence indicating that

Franklin was not given the *Miranda* warnings, or that he did not waive the rights described in

those warnings.  *See generally* ECF Doc. 1; ECF Doc. 9-1; ECF Doc. 9-2; ECF Doc. 10.  And

Franklin's bare, conclusory allegation that his *Miranda* rights were violated is simply insufficient

to meet his burden on habeas review.  *Garner*, 557 F.3d at 260-61; *see also Cullen*, 563 U.S. at

185 & n.7 (limiting habeas review to the record before the state court); *Fields v. Marshall*, No.

85-3684, 1986 U.S. App. LEXIS 19302, at *15 (6th Cir. Apr. 7, 1986) (unpublished) (quoting

*Ross v. Estelle*, 694 F.2d 1008, 1011 n.2 (5th Cir. 1983)) (a district court does not need to hold

an evidentiary hearing to resolve a dispute regarding whether *Miranda* warnings were given and

the rights waived when the petitioner's bare, conclusory allegations are unsupported by other

indicia of reliability in the record).  Because Franklin has not pointed to any evidence supporting

his allegation that his *Miranda* rights were violated, he cannot show that such a claim would

have had merit.  And he, therefore, cannot show that trial counsel was ineffective for failing to

raise a *Miranda* challenge to the recorded interrogation.  *Strickland*, 466 U.S. at 688-90, 694;

*Shaneberger*, 615 F.3d at 452; *Smith*, 477 U.S. at 536.

        Even if Franklin could show that trial counsel's performance was deficient when he

failed to object to the admission of the interrogation recording on hearsay or *Miranda* grounds,

Franklin nevertheless cannot show that he was prejudiced by that alleged failure.  As discussed

numerous times throughout this report and recommendation, sufficient evidence supported

Franklin's gross sexual imposition convictions.  *See*, *e.g.*, Section VI.A.2, *supra*.  This would remain true even if the entire recorded interrogation were excluded.  *Id.*  Thus, even if Franklin could show that the recorded interrogation should have been excluded based on a hearsay or *Miranda* objection, he cannot show that the outcome of his trial would have been different and that counsel's failure to lodge such an objection prejudiced him.  *Strickland*, 466 U.S. at 694; *Smith*, 888 F.2d at 404.

### iv.  Timelines Conflict

The fourth argument in Franklin's Ground Nine claim – that trial counsel was ineffective for ignoring the conflict between the timelines in the indictment, E.B.'s mother's testimony, and the investigation report – is also plainly meritless.  Franklin's argument here is nearly indistinguishable from his Ground Seven claim and the second argument in his Ground Six claim.  *Compare* ECF Doc. 1 at 16, *with* ECF Doc. 1 at 11-13.  As discussed above with regard to those claims, the timelines in the indictment, in E.B.'s mother's testimony, and in the investigation report were sufficiently consistent even if they were not perfectly congruent.  *See* Section VI.D.2.*ii.*, *supra*; Section VI.E., *supra*.  Those analyses are fully incorporated here. Franklin has not shown that trial counsel was deficient for failing to challenge the non-existent conflict between the timelines in the indictment, E.B.'s mother's testimony, and the investigation reports, or that the failure to raise any such challenge prejudiced him.  *Strickland*, 466 U.S. at 688-90, 694.

### v.  E.B.'s Mother's Hearsay Statements

As with his other arguments, Franklin's fifth Ground Nine claim argument – that trial counsel was ineffective for failing to object to E.B.'s mother's hearsay testimony regarding what she read in E.B.'s journal and what E.B. told her – is also meritless.  Because the Ohio Court of Appeals adjudicated this claim on the merits, the court must give AEDPA deference to the Ohio

Court of Appeals conclusion that trial counsel was not ineffective.  *Lindh*, 521 U.S. at 333 & n.7; *Woodford*, 537 U.S. at 24; 28 U.S.C. § 2254(d).  In reviewing Franklin's ineffective-assistance of counsel claim, the Ohio Court of Appeals correctly noted that the *Strickland* standard applied. ECF Doc. 9-1 at 86.  The court determined that any error in counsel's failure to object to the hearsay in E.B.'s mother's testimony was harmless, because the alleged hearsay testimony was similar to E.B.'s own testimony.  ECF Doc. 9-1 at 85-87.  Franklin has not argued that the Ohio Court of appeals applied *Strickland* improperly, nor has he pointed to any U.S. Supreme Court decisions reaching a different conclusion on materially indistinguishable facts.  *Lockyer*, 538 U.S. at 71-32; *White*, 572 U.S. at 420; *Williams*, 529 U.s at 412-13; *Early*, 537 U.S. at 8; *see generally* ECF 1 at 16-17; ECF Doc. 10.  He also has not pointed to any facts in the record showing that E.B.'s mother's hearsay testimony was in fact *not* simply repetitive of E.B.'s own testimony.  *Wiggins*, 539 U.S. at 528-29; *Burt*, 571 U.S. at 18; *Wood*, 558 U.S. at 301; 28 U.S.C. § 2254(e)(1); *see generally* ECF 1 at 16-17; ECF Doc. 10.  Thus, Franklin cannot meet his burden to show that the Ohio Court of Appeals' decision was: (1) contrary to, or an unreasonable application of, a decision by the U.S. Supreme Court; or (2) an unreasonable determination of the facts in light of the evidence presented at trial.  28 U.S.C. § 2254(d).

I recommend that argument five of Franklin's Ground Nine claim be denied as meritless.

*vi.*      *Failure to Move for Acquittal on Counts 9 and 10*

Franklin's final Ground Nine claim argument – that counsel was ineffective for failing to move for acquittal on Counts 9 and 10 – is also plainly meritless.  Even if the court were to assume that counsel was deficient for not moving for acquittal on Counts 9 and 10, he has not shown that counsel's failure to make such a motion prejudiced him.  As the Ohio Court of Appeals pointed out on direct appeal, the trial court, sitting as factfinder in his bench trial, concluded that the prosecution met its burden to prove the elements of both counts of gross

48

sexual imposition beyond reasonable doubt.  *See* ECF Doc. 9-1 at 82.  Furthermore, as discussed numerous times above, sufficient evidence supported the trial court's finding that Franklin was guilty of two counts of gross sexual imposition.  *See* Section VI.A.2, *supra*.  In light of the trial court's own findings and the evidence supporting those findings, Franklin cannot show that the outcome of his case would have been different had trial counsel moved for acquittal on Counts 9 and 10.  *Strickland*, 466 U.S. at 694; *Smith*, 888 F.2d at 404.  Thus, Franklin's ineffective-assistance of counsel argument on this point is meritless.

Even if this court were to look past Franklin's procedural default, the court may deny Franklin's Ground Nine claim on the merits because all of Franklin's ineffective-assistance-of-trial-counsel arguments within that claim are meritless.

## VIII.  Summary of Findings and Recommendation

Franklin's claims all fail as a matter of law for the following reasons:

**Grounds One, Two, and Four**:  Lack of merit.

**Ground Three**:  No cognizable federal constitutional issue raised, and, if construed to raise a federal constitutional issue, lack of merit.

**Ground Five**:  Procedural default, no cognizable federal constitutional issue raised, and, if construed to raise a federal constitutional issue, lack of merit.

**Ground Six**:  Procedural default and lack of merit.

**Ground Seven**:  Procedural default; no cognizable federal issue raised, in part; and lack of merit, in part.

**Ground Eight**:  Procedural default and no cognizable federal constitutional issue raised.

**Ground Nine**:  Procedural default, in part, and lack of merit for all parts.

## IX.    Certificate of Appealability Not Recommended

### D.    Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal.  28 U.S.C. § 2253(c).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has interpreted this standard to mean that the "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### E.    Analysis

When a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold.  In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 485.  As the Supreme Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."  *Id.* at 486.  If the Court accepts my recommendations, Franklin will not be able to show that the Court's rulings on his procedurally

defaulted, meritless, and non-cognizable claims are debatable.  Thus, I recommend that a certificate of appealability not be issued.

## X.    Recommendation

I recommend that the Court DISMISS each of Franklin's nine grounds for relief and DENY Franklin's petition for a writ of habeas corpus.  ECF Doc. 1.  I further recommend that Franklin not be granted a certificate of appealability.

Dated: October 31, 2019

Thomas M. Parker
United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).